Opinion by
 

 Cunningham, J.,
 

 Samuel DeMeo has appealed from a sentence and judgment of the Court of Oyer and Terminer of Philadelphia County of not less than ten nor more than twenty years in the Eastern State Penitentiary, recorded as having been pronounced against him upon his plea of nolo contendere to an indictment at No. 489 April Sessions, 1941, of that court, in which he was charged, along with Frank Forline, with having robbed Patrick McConney of $84. The indictment contained six counts, including one charging robbery while armed with an offensive weapon and another charging robbery with an accomplice, both drawn under Section 705 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4705, authorizing a sentence of a fine not exceeding $10,000, or imprisonment not • exceeding twenty years, or both.
 

 Counsel for appellant contend that the question here involved is whether a “sentence imposed on a plea of nolo contendere to an indictment charging robbery [is] valid?” We are convinced from our examination of the record brought up with this appeal, and the
 
 *441
 
 fourteen indictments therein referred to, that the question which counsel for appellant have stated and argued is not really involved upon this appeal and that no opinion need be expressed upon it.
 

 It clearly appears from the record that the plea which appellant actually entered to this indictment and upon which he was sentenced was “guilty,” and that the indorsements thereon of a plea of “not guilty,” subsequently changed to “nolo contendere,” were inadvertent clerical errors, probably due to the unnecessary multiplicity of indictments upon which appellant and Forline were arraigned.
 

 The indictment bears the following indorsements: “4/29/41, The Defendants being arraigned, plead not guilty, Eo die Dist. Atty. sim. et issue, Deft’s change their pleas to Nolo Contendere.”
 

 The following sentences are also indorsed upon the indictment:
 

 “4/29/41
 

 as to Forline
 

 Sentence not less than (8) years nor more than (20) years at separate and solitary confinement in the EASTERN STATE PENITENTIARY, to be computed from 4-16-41
 

 By the Court,
 

 Kun,
 

 Judge”
 

 “4/29/41
 

 as to DeMeo
 

 Sentence not less than (10) years nor more than (20) years at separate and solitary confinement in the EASTERN STATE PENITENTIARY, to be computed from 4-16-41
 

 By the Court,
 

 Kun,
 

 Judge”
 

 An inspection of the transcript of the proceeding on April 29, 1941, in the court below, discloses that
 
 *442
 
 the erroneous indorsement of the above pleas upon the indictment at No. 489 April Sessions, 1941, occurred under these circumstances: Two defendants, Frank Forline, and Samuel DeMeo were arraigned upon fourteen indictments, Nos. 429 to 434 inclusive, and Nos. 489 to 497 inclusive, April Sessions, 1941. In five of these bills James Mele was indicted along with Forline and DeMeo. Among these indictments were three charging, inter alia, robbery while armed with an offensive weapon, and robbery with accomplices. The first of these was No. 429, in which Mele, Forline and DeMeo were charged with having robbed Joseph G. Mastriano on April 7, 1941; another was No. 490, in which Forline and DeMeo were charged with having robbed Edward Pettyjohn on March 6, 1941, and a third was the above mentioned indictment at No. 489, in which Forline and DeMeo were charged with having robbed Patrick McConney on February 17, 1941. In the remaining indictments, which need not be considered in detail, the three defendants were charged with various offenses such as feloniously entering public garages for the purpose of robbing attendants, stealing ears, operating automobiles without the consent of the owner, carrying concealed weapons, etc.
 

 The record of the proceeding below begins: “Upon being arraigned, defendant Mele pleads not guilty to everything, defendants Forline and DeMeo plead guilty to robbery, but not to having a weapon.”
 

 It thereupon became the duty of the clerk to enter upon the first robbery indictment, No. 429, a plea of not guilty as to Mele, and pleas of guilty as to For-line and DeMeo. This was correctly done as appears from the indorsements on the bill at No. 429, reading: “Not guilty as to Mele. P.G. as to Forline and DeMeo.” The clerk should then have entered on the indictment at No. 489, in which only Forline and DeMeo were named, a plea of guilty for each of them. Instead of
 
 *443
 
 so doing, he erroneously entered the above quoted pleas of not guilty. Upon the third robbery indictment against Forline and DeMeo, No. 490, the same erroneous entry of pleas of not guilty was made. As to the other bills, it is sufficient to say that pleas of not guilty to carrying concealed weapons, operating automobiles without the consent of the owner, etc., were properly entered for Forline and DeMeo as their pleas of guilty applied only to the robbery bills.
 

 The next entry upon the record reads: “Mr. Feldman, (counsel for Forline and DeMeo) : With your Honor’s permission, Mr. Forline and Mr. DeMeo wish to change their pleas on those indictments on which they pleaded not guilty to nolo contendere.” The clerk thereupon indorsed beneath the pleas of “not guilty” upon the indictments at Nos. 489 and 490, the words “Defts change their pleas to nolo contendere,” but fortunately placed no further indorsement upon the bill at No. 429 where the pleas of. guilty by Forline and DeMeo had been properly entered. The Commonwealth then proceeded to trial against Mele, who was acquitted. DeMeo took the stand and exonerated Mele from any actual participation with Forline and himself in the robbery of Mastriano.
 

 When the jury trying Mele retired, Forline and DeMeo were called for sentence upon their pleas of guilty. It was then shown to the satisfaction of the trial judge that Forline and DeMeo had participated in a series of robberies and thefts of cars and tires. The record of their sentences (transcript, p. 67) reads: “The court. Forline, the sentence of the court is that you serve from 8 to 20 years in the Eastern State Penitentiary. DeMeo, the sentence of the court is that you serve 10 to 20 years in the Eastern State Penitentiary.”
 

 No reason appears for the transcribing of these sentences by the clerk upon the bill at No. 489 instead of upon the indictment at No. 429, where their pleas of
 
 *444
 
 guilty had been properly indorsed and where the sentences should have been entered. On the bill at No. 429 a notation was placed reading: “Sentences as to Forline and DeMeo on bill No. 489,” and on the bill at No. 490 a similar notation was made referring to the sentences on bill No. 489. Forline has not appealed.
 

 From what has been said it is clear that the sentences should have been indorsed on the bill at No. 429 April Sessions, 1941. If this had been done, the notations on the indictments would have been in harmony with the record of the proceedings. In our opinion, the entries upon the record must be deemed conclusive. We think the best way to correct, or at least render harmless, the clerical errors to which we have referred will be to vacate the sentence upon appellant as recorded at No. 489, and remit the record to the court below to the end that a sentence, in accordance with law, may be pronounced against him upon his plea of “guilty” at No. 429 April Sessions, 1941. In this connection it may be noted that the significance of appellant’s plea — “guilty to robbery, but not to having a weapon” — lies in his statement, prior to sentence, that he was not actually armed with an offensive weapon when his robberies were committed, but held a glove in his hand in such a way as to cause the victims to believe appellant had a weapon. The matter is of no importance in so far as the extent of punishment is concerned; Section 705 of the Penal Code applies to any defendant, who, in company with an accomplice, or accomplices, robs, or assaults with intent to rob, any other person, as well as to a defendant who commits such offenses while armed with an offensive weapon.
 

 The sentence appealed from is vacated and the record remitted to the end that a lawful sentence may be pronounced against appellant at No. 429 April Sessions, 1941, by the court below.